Haynes, J.
A petition in error was filed in this court to reverse the judgment of the court of common pleas, but to that petition in error there was ‘no transcript of the record attached. The prosecutor made a motion to dismiss tbe action, and we were disposed to grant that motion, and made an order to that *628 effect; but afterwards the parties came in and desired leave to attach a transcript of the. record to that petition in error. To that the prosecutor said, that so far as he was concerned, if the party would have the right to file a new petition in error, he would rather that the court would permit the record to be attached to the present petition in error. Withoutdecidingthatquestion for him, he finally concluded that the better way would be to allow the matter to be attached to the record, providing that the court should follow the suggestion already made, that it would not pass upon that question until it had passed upon the question of whether theie was error in the record. Thereupon counsel argued the questions as to whether there was error in the original record of the case.
The record shows that Champion was indicted in the court of common pleas for cutting timber upon the property of a party in Adams township in this county, without leave or license, and with the intent to injure the owner of the property. The case proceeded to trial in that court, and the defendant was convicted. Petition in error was filed in this court, and among the errors assigned is one alleging misconduct of counsel for the State, in reference to certain matters which had occurred before the probate court sometime before, on an occasion when the same party had been arrested and brought before that court for cutting timber upon this land. It was stated by the prosecutor on the trial in common pleas that he proposed to prove to the jury that at that time the plaintiff in error hero — Champion—was before the probate court upon above charge, he had agreed not to go upon the land again in case that suit was settled and the costs paid, and that the suit was settled and costs paid. The prosecutor stated he proposed to show this promise and those facts, for the purpose of showing the intent of the party in subsequently going upon the land, to show that he went upon the same, knowing he had no right *629 to enter and cut the timber, and the court permitted the evidence to be given. The record shows that a sale had been made of the timber upon this land by Brady, the owner, to Champion, for a certain sum of money; bxxt he was to take the timber off by the 1st of May next ensuing after the date of the contract. It appears that upon the expiration of that time he did not cease his work, but continued to cut timber, and thereupon Brady went to him and demanded that he desist. The matter ran along a little, and finally, he not ceasing, he was arrested, and was taken to the probate coxxrt, and the prosecutor offered to prove that, in consideration of the costs of that suit being paid, as above stated, Champioxx agreed he would not go upon the land again to cut timber, and that he would make no further claim to go upon the land; and the court, as we have said, allowed that proof to be given, and we do not think the court erred in that regard. The testimony shows that the parties were having some controversy about the rights of Champion under this contract. He stated that there had been an extension of his time under the contract, for a year, but that was stoutly denied by Brady. But the matter was a subject of contention between them, at least they made it so, and finally when the matter came up in the probate court, he surrendered all the rights that he had under that contract, and agreed not to attempt to exercise any further rights under it, and we are of opinion that this was competent to go to the jury in the case to show that he had no rights there, and show his intent ixi going upon the premises. The record discloses that at some time during the argument of the case counsel for the State had said the indictment had been returned by as good a grand jury as- ever sat in the county, and, pointing to the name of the foreman on the back of the indictment, said that he was a good citizen,etc.,and it was contended that that was error. Well, we are unable to see any error in that, especially under the circumstances of the case as they appear in the record. The *630 record discloses that counsel for defendant had been attacking the -prosecutor pretty sharply, -and declaring that the prosecution was being carried on by the prosecutor for personal reasons, and in reply to that the prosecutor answered that he had nothing to do with the finding of the jury, that he only drew the indictment, and that the indictment was returned by the grand jury, and a good grand jury, and that, the indictment was indorsed by the-foreman, L. C. Gibbs. We think there- is no error in that.
There was no other error pointed out in the case supposed to be sufficient to reverse the case. The testimony is quite-voluminous, but we have looked through it, and we think the testimony tends very strongly to .prove the agreement that has been spoken of, and that Mr. Champion did in fact agree that he would not go upon that land again, and that afterwards, in violation of that agreement, he did go upon the property spoken of, and cut and carry away -timber.
There was a great deal of confusion in regard to whether the contract had been extended, and upon the question of where the boundary was of his property. It was stated, I believe, that they liad had .a surveyor come out there and re-stake the lines; but those matters did not cut any great figure in the case as it finally stood in the judgment of this court, because we think the party did not make out his evidence in regard to the extension by any preponderance of the testimony: but, beyond and above that, we think the agreement was shown that he had -voluntarily relinquished any claim that he had to go upon the property, and that he was wrongfully upon the property, and wrongfully cutting this timber.
We, therefore, allow, by consent, of the counsel for the State, the transcript of this record to be attached to the petition in error, and then upon examination of the whole record we think that- there is no manifest 'error, and the judg *631 ment of the common pleas will be affirmed at the costs of th« plaintiff in error, as a final disposition of the case.
C. W. Murphy, for Champion.
J. A. Barber, State Attorney.